IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-01119-MEH

KARRAH JOHNSON,

    Plaintiff,

v.

SEARS, ROEBUCK AND CO., a New York corporation conducting business in Colorado,

    Defendant.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on July 29, 2014.**

    The Plaintiff's Unopposed Motion for Leave to Amend Complaint and Jury Demand Dismissing CADA Claims [filed July 29, 2014; docket #17] is **granted in part and denied in part**. Rule 15 of the Federal Rules of Civil Procedure provides that, following a 21-day period for service of the complaint or service of a responsive pleading or Rule 12 motion, a party may amend its complaint only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a) (2011). Rule 15 instructs courts to "freely give leave when justice so requires." *Id*.

    The proposed Amended Complaint dismisses Plaintiff's Colorado Anti-Discrimination Claim, and it is in the interest of judicial efficiency to allow the Amendment. This is the Plaintiff's first Motion to Amend, and there appears to be no reason to deny the Motion, particularly where the Defendant does not oppose it. *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) ("Refusing a leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.").

    However, the proposed Amended Complaint is confusing in that the First Claim for Relief states two separate claims: Disparate Treatment Discrimination and Hostile Work Environment. *See* docket #17-2. The Plaintiff should re-file a Proposed Amended Complaint that clarifies whether the First Claim for Relief constitutes one or two claims.

    Accordingly, the Court grants the Motion insofar as it requests leave to amend the complaint, but denies the Motion in that the Proposed Amended Complaint is declined and orders the Plaintiff to re-file a proposed Amended Complaint as specified herein.

    Additionally, in light of this order, Defendant's Partial Motion to Dismiss for Lack of Jurisdiction [filed June 30, 2014; docket #8] is **denied as moot** with leave to re-file, if Defendant so chooses, in response to the Amended Complaint. See *Estate of Howard v. Cnty. of El Paso, Colo.*, No. 10-cv-02740-CMA-MEH, 2011 WL 1562843, at *4 (D. Colo. Apr.22, 2011) (recognizing

"requirement to file another responsive pleading to an Amended Complaint"); *see also Robinson v. Dean Foods Co.*, No. 08-cv-01186-REB-CBS, 2009 WL 723329, at *4 (D. Colo. Mar. 18, 2009) (citation omitted) ("Generally, when an amended complaint is filed, the previous complaint is wiped out and the operative complaint is the most recently filed version.").